**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-7032**

OMARI H. PATTON,

            Plaintiff - Appellant,

      v.

CRYSTAL KIMBLE,

            Defendant - Appellee.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins.  John Preston Bailey, District Judge.  (2:16-cv-00010-JPB-MJA)

Submitted:  January 30, 2018                    Decided:  March 30, 2018

Before KING, KEENAN, and THACKER, Circuit Judges.

Vacated and remanded in part and affirmed in part by unpublished per curiam opinion.

Omari H. Patton, Appellant Pro Se.  Tara Noel Tighe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Omari H. Patton appeals the district court's order adopting the magistrate judge's recommendation to dismiss Patton's civil action, filed pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for failure to state a claim upon which relief could be granted, *see* Fed. R. Civ. P. 12(b)(6). Patton alleged in his complaint that Defendant, Federal Corrections Officer Crystal Kimble, violated Patton's First, Fourth, Sixth, and Fourteenth Amendment rights by confiscating his legal materials in retaliation for Patton verbally complaining to Kimble's supervisor about a prior instance in which Kimble seized legal materials from Patton's cell.

The main issue in this appeal is the propriety of the district court's dismissal of Patton's First Amendment retaliation claim. Specifically, Patton contends that this court's recent decision in *Booker v. South Carolina Department of Corrections*, 855 F.3d 533 (4th Cir. 2017), fatally undermines the rationale expressed in *Daye v. Rubenstein*, 417 F. App'x 317, 319 (4th Cir. 2011), on which the district court relied to dismiss this claim. We agree and thus vacate the district court's order in part and remand for further proceedings on Patton's First Amendment retaliation claim. We affirm the remainder of the district court's dispositive order.

This court reviews de novo a district court's dismissal of an action under Rule 12(b)(6). *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 445-46 (4th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). In evaluating a Rule 12(b)(6)

2

dismissal, we will "accept[] as true the complaint's factual allegations and draw[] all reasonable inferences in favor of the plaintiff." *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015) (internal quotation marks omitted).

To state a First Amendment retaliation claim, a plaintiff must show that: "(1) his speech was protected, (2) the alleged retaliatory action adversely affected his protected speech, and (3) a causal relationship between the protected speech and the retaliation." *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015) (internal quotation marks omitted). Claims of retaliation by prisoners must "be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in [ ] penal institutions." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

The district court, in adopting the magistrate judge's recommendation, accepted all of the facts alleged by Patton in terms of the materials seized pursuant to Kimble's second search of his cell. The district court further adopted the legal conclusion that, given the facts as pled, Patton did not state a cognizable First Amendment retaliation claim because the antecedent activity—Patton's verbal complaint to Kimble's supervisor regarding the initial seizure of his legal binder—was not protected First Amendment speech. But this conclusion runs contrary to *Booker*, in which we held that prisoners have a clearly established First Amendment right "to file a prison grievance free from retaliation." 855 F.3d at 545. Accordingly, we vacate this portion of the district court's order and remand this case to the district court for further proceedings in light of *Booker*.

We observe, briefly, that the other issues advanced by Patton in his informal brief—namely, that the district court erred as a matter of law in dismissing his claims that

3

Kimble's actions violated due process and his right of access to the courts—are not preserved for appellate review because Patton did not specifically object to the magistrate judge's proposed disposition of those claims. When a case is referred to a magistrate judge for a report and recommendation, litigants must file timely, specific objections that identify those portions of the recommendation to which the parties object and the basis for the objections. Fed. R. Civ. P. 72(b)(2); *see Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). It is well settled that a litigant "waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues." *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). We thus conclude that Patton's failure to specifically object to the magistrate judge's proposed rationale for dismissing either the right-of-access claim or the due process claim waives appellate review of the district court's order adopting that portion of the recommendation.

For the foregoing reasons, we vacate the district court's dispositive order as to the First Amendment retaliation claim and remand this case for further proceedings in light of *Booker*. We affirm the remainder of the district court's order. *See Patton v. Kimble*, No. 2:16-cv-00010-JPB-MJA (N.D.W. Va. July 27, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED IN PART;*
*AFFIRMED IN PART*

4